# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND

TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

MAGGIE GRACE
ASSISTANT FEDERAL PUBLIC DEFENDER

November 28, 2022

*Via CM/ECF*

The Honorable Richard D. Bennett
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, MD 21210

Re:    <u>United States v. Blaine Kluge</u>, Criminal No. RDB-22-042

Dear Judge Bennett:

Blaine Kluge is scheduled to appear before Your Honor on December 12, 2022 at 2:30 p.m. following his guilty plea to possession of an unregistered silencer in violation of 26 U.S.C. § 5861(d). The parties have entered into an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) that Mr. Kluge should be sentenced to time served and 9 months of home detention during supervised release. ECF No. 63 (Plea Agreement) ¶ 9. Because this is the sentence that is sufficient but not greater than necessary to fulfill the § 3553(a) sentencing goals, we respectfully request that the Court accept the Parties' c-plea agreement and sentence Mr. Kluge accordingly.

## The Guidelines

The U.S. Sentencing Guidelines are 30-37 months' imprisonment, corresponding to an adjusted offense level of 15 and Criminal History Category IV. PSR ¶ 60.

The base offense level is 18 pursuant to U.S.S.G. § 2K2.1(a)(5). *Id.* ¶ 17; Plea Agreement ¶ 6(a). Mr. Kluge will receive a two-level reduction for acceptance of responsibility, and I anticipate the government will move for an additional one-level reduction under U.S.S.G. § 3E1.1(b), making the final offense level 15. Plea Agreement ¶ 6(b).

Mr. Kluge does not dispute that he falls within CHC IV. Pursuant to § 3553(a) and specifically his history and characteristics, Mr. Kluge asks that the Court consider that Mr. Kluge had only a single conviction for CDS possession at the time the conduct he pled guilty to occurred in October 2019. PSR ¶ 30. He receives three criminal history points for a state offense that

*United States v. Blaine Kluge*, Criminal No. RDB-22-042
November 28, 2022 Letter to Judge Bennett
Page 2 of 4

occurred around the time the silencer was discovered and for which he pled guilty to and has been incarcerated since March 2022. *Id.* ¶ 31.

### The Appropriate Sentence Under 18 U.S.C. § 3553(a)

The requested sentence is appropriate for all the reasons in 18 U.S.C. § 3553(a), but particularly given Mr. Kluge's history and characteristics, the nature and circumstances of the offense, and the goals of sentencing.

Mr. Kluge is a young man (27-years-old) who possesses a high school diploma and enjoys strong family support. *Id.* ¶¶ 42, 53. At the time of the instant offense, he was only 24-years-old. Despite falling in CHC IV, he has a minimal criminal history (only two criminal convictions) compared to many individuals who are prosecuted federally,[1] and at the time of the offense, had only a single conviction for CDS possession. *Id.* ¶¶ 29-31. He has worked in the construction and carpentry fields for a lengthy period of time (2013-2022). *Id.* ¶ 55-57. With his background, experience, and family support, he has tremendous potential to be a law-abiding, committed, and working member of his community upon his release.

While certainly not downplaying Mr. Kluge's accountability or acceptance of responsibility, we ask the Court to consider certain factors about the nature and circumstances of the instant offense.

Mr. Kluge has pled guilty to possessing a homemade silencer – specifically, an approximately 5.5 inch cylinder wrapped in black electrical tape – that was not registered to him in the National Firearm Registration and Transfer Record.

The present offense is a technical one, stemming from the fact that the homemade silencer was not registered. The instant offense is not based on Mr. Kluge's unlawful possession of the silencer because of his prior CDS possession conviction.

The silencer was discovered in October 2019. Mr. Kluge was originally charged by criminal complaint on January 28, 2021. Despite ample time to investigate Mr. Kluge and the circumstances of his possession of the unregistered silencer, the government has never once alleged that Mr. Kluge was actively using or seeking to use the device violently or for some nefarious purpose.

A time-served sentence plus a lengthy period of home detention fulfills all of the § 3553(a) goals of sentencing. Mr. Kluge has been in custody at Harford County Detention Center since

---

[1] The PSR lists a traffic infraction for which Mr. Kluge received a Probation before Judgment in September 2014. PSR ¶ 29. He does not receive criminal history points for that traffic-related conviction.

*United States v. Blaine Kluge*, Criminal No. RDB-22-042
November 28, 2022 Letter to Judge Bennett
Page 3 of 4

March 11, 2022 on the separate state conviction mentioned above which occurred around the same time as the instant offense. The Parties agree that Mr. Kluge should not receive any additional federal prison time and should be placed on 9 months of home detention when he is released from that state sentence. To someone who – prior to when this offense was committed – has never served a prison sentence before, the state prison sentence plus 9 months of federal home detention is a significant one that represents just punishment and promotes respect for the law and affords ample deterrence. A 9-month period of home detention will provide further punishment and deterrence by ensuring that Mr. Kluge continues to have restrictions placed on his liberties.

The purposes of sentencing are also uniquely served in this case with the collateral consequences of Mr. Kluge's conviction. Mr. Kluge is now prohibited from possessing firearms, ammunition, silencers, etc. for the rest of his life. To someone who grew up surrounded by firearms and had aspirations of serving in the military, a disqualifying conviction is a truly significant punishment in and of itself. The same is true of Mr. Kluge's prior aspirations of serving in the armed forces. Felony convictions will disqualify him from serving in the armed forces unless he is granted an exception. *See* 10 U.S.C. § 504. These collateral consequences are in addition to others about which the Court is well aware, including potential obstacles or limitations placed on job opportunities and simply the negative stigma of a federal conviction.

### **Conditions Of Supervised Release**

Mr. Kluge respectfully requests that the Court impose a 1-year period of supervised release. When he is released from his state sentence, Mr. Kluge will be placed on 4 years of state probation, during which time he will have to report to a state probation officer and follow all the rules required by that probation. PSR ¶ 31. Significantly, Mr. Kluge will face a lengthy period of 12.5 years of "back up time" hanging over his head in state court if he violates the state court's trust. To conserve resources, we respectfully request that Mr. Kluge's federal supervision be limited to 1 year.

To afford him the best opportunity to transition back into the community (while still being punished and deterred), we request that Mr. Kluge be allowed the opportunity to work with the advanced approval of U.S. Pretrial and Probation Services while on home detention.

Given that Mr. Kluge has worked in the construction industry in the past and anticipates doing so in the future, we request that Standard Condition of Supervision #10 read as follows: "You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers), *except for tools required by your employment*."

We request that Probation and the Court waive the costs of the location monitoring program.

*United States v. Blaine Kluge*, Criminal No. RDB-22-042
November 28, 2022 Letter to Judge Bennett
Page 4 of 4

## **Conclusion**

For these reasons, we ask the Court to impose the following:

- A time-served sentence;
- 1-year of supervised release;
- The first 9 months of supervised release is to be served on home detention, specifically with permission to work as approved in advance by U.S. Pretrial and Probation Services;
- No fine;
- No restitution; and
- Forfeiture of a metal cylindrical device, wrapped in black electrical tape, approximately 5-3/8 inches in length and approximately 1 inch at its major diameter.

Sincerely,

/s/
Maggie Grace
Assistant Federal Public Defender


Cc: AUSA Charles Austin
    Melissa McGuinness, U.S. Pretrial Services and Probation